UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Jesse Albert Moore | ) | |
| | ) | No. 20-31195-KLP |
| Debtor. | ) | Chapter 13 |
| _____ | ) | |
| | ) | |
| JESSE ALBERT MOORE, *Debtor,* and | | |
| CARL BATES, *Trustee*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | A.P. No. _____ |
| | ) | |
| KIMBERLY L. BERRY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>COMPLAINT</u>

NOW COME Jesse Albert Moore, Debtor, and Carl Bates, Trustee, Plaintiffs, through

counsel, and for their Complaint against Kimberly L. Berry, Defendant, states as follows:

<u>GENERAL</u>

1.      This is a complaint to avoid fraudulent conveyances to the Defendant and to

recover the property conveyed pursuant to 11 U.S.C. §§ 544, 548 and 550, or its value.

2.      On March 3, 2020 (the "Petition Date"), Jesse Albert Moore (the "Debtor") filed

his voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Plaintiffs

3.      Carl Bates was duly appointed as Chapter 13 Trustee on March 4, 2020 (Docket No. 4), and he continues to serve in that capacity.

4.      Defendant Kimberly L. Berry is a resident of the Commonwealth of Virginia, presently residing at 495 Ravenscroft Dr., Prince George Va. 23805.

5.      This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.   This is a core proceeding.

7.      The Plaintiffs consent to the entry of a final judgment by the Bankruptcy Court.

FACTUAL BACKGROUND

8.      At the commencement of Mr. Moore's Chapter 13 case he listed on his schedule of assets an entity owned by Debtor known as 401 West Broad Street, LLC ("West Broad, LLC").

9.      West Broad, LLC, was listed as a Virginia limited liability company with the State Corporation Commission, ("SCC").  As of the Petition Date, the owner and sole member of West Broad, LLC, was Mr. Moore.

10.     Despite said registration with the SCC, West Broad, LLC, (hereinafter "West Broad) was a shell company that originally held one parcel of real property (hereinafter the "Commercial Building") where debtor operated an automotive business as a separate company. West Broad had never kept any books or records, maintained no bank accounts, and had never filed tax returns or paid any taxes of any kind and was created as a holding company for the

2

Commercial Building, which was sold in or about 2015.  West Broad, which has since been

dissolved leaving Debtor Mr. Moore as its successor, is and was Mr. Moore's alter ego.

11.     In or about December 20, 2017, for no consideration, Debtor, purporting to act on

behalf of West Broad, executed a deed of gift to Defendant for 1800 N. 30th St., Richmond,

Virginia [the "30th St. Property"].   The deed was recorded on February 15, 2018.

12.     The 30th St. Property remains titled of record to Defendant.   Defendant has been

receiving rent in the approximate amount of $3000/month.

13.     On or about March 28, 2018, Debtor, purporting to act on behalf of West Broad,

for no consideration, executed a deed of gift to Defendant for two properties, 2563 Glendale

Ave, Petersburg Va., and 705-A Fort Hayes Ct., Petersburg Va (the "Petersburg Properties").

The deed was subsequently recorded.

14.     On or about June 16, 2020, recorded June 28, 2020, Defendant re-conveyed the

2563 Glendale property to HHRE CEDAR PROPERTIES LLC for the reported consideration of

$73,000.   On or about June 25, 2020, recorded July 17, 2020, Defendant re-conveyed the Fort

Hayes Ct. property to Matthew Hunter Perkins and Bret L. Gerner for the reported consideration

of $100,000.

15.     In or about 2018, Debtor, for no consideration, executed a deed of gift to

Defendant for Lot 10, Block C, Section A, Chickahominy Bluffs HENRICO (the "Henrico

Property".   This deed was not recorded.

16.     On or about March 28, 2018,  Debtor, for no consideration, executed a deed of

gift to Defendant for Lot 11, Block B, Frederick Farms, Chesterfield (the "Chesterfield

Property").   This deed was not recorded.

3

17.    The Debtor was insolvent at the time of the aforementioned transfers, or was rendered insolvent as a result thereof.

## COUNT ONE

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) and 550

18.    The allegations of the paragraphs above are incorporated herein.

19.    Pursuant to 11 U.S.C. § 548(a)(1)(B), the Trustee may avoid any transfer of an interest of the Debtor in property, within two (2) years before the petition date, if the Debtor received less than a reasonably equivalent value in exchange for such transfer, and if the transfer was made while the Debtor was insolvent or the Debtor became insolvent as a result of such transfer.

20.    The Transfers were a transfer of an interest of the Debtor in property.

21.    The Transfers (other than with respect to the 30th St. Property) were made within two (2) years before the Petition Date.

22.    The Debtor received less than a reasonably equivalent value for the Transfers.

23.    The Debtor was insolvent at the time of the Transfers, or the Transfers rendered the Debtor insolvent.

24.    Pursuant to 11 U.S.C. § 550 (a)(1), to the extent that a transfer is avoided under 11 U.S.C. § 548, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from the initial transferee of such transfer.

25.    Defendant is the initial transferee of the Transfers.

## COUNT II
### AVOIDANCE OF FRAUDULENT TRANSFERS
### 11 U.S.C. §§ 544(b) AND 550 AND VA. CODE §55.1-401

26.    The allegations of the paragraphs above are incorporated herein.

27.    As detailed above, Moore transferred assets to Defendant including, but not limited to, the real properties referenced above.

28.    Moore did not receive consideration deemed valuable in law in exchange for the transfers, or they were transfers in consideration of marriage.

29. The transfers were made at a time when Moore was insolvent, or he was rendered insolvent thereby.

30.    As a result of the transfers, Moore's creditors sustained significant damages.

31.    Debtor's schedules reflect allowable claims for debts unpaid at the time of filing the case that were contracted prior to the time of the transfers, including Cenlar Federal Savings Bank, Loan Care, the Commonwealth of Virginia, and American Express.

32.    The transfers are avoidable and recoverable from Defendant pursuant to 11 U.S.C. §§ 544(b)(1) and 550 and Va. Code §55.1-401.


## COUNT III
### AVOIDANCE OF UNRECORDED TRANSFERS
### 11 U.S.C. §§ 544(a) AND 550

33.    The allegations of the paragraphs above are incorporated herein.

34.    As detailed above, Moore transferred assets to Defendant including, but not limited to, the Henrico and Chesterfield properties referenced above.

35.    The deeds for the Henrico and Chesterfield properties were not recorded pre-petition.

36.    The unrecorded deeds would as a matter of law be voidable by a bona fide purchaser of the real property that has perfected the purchase transfer at the time of commencement of the case, and are thus avoidable by the Trustee under 11 U.S.C. § 544(a)(3).

32.    As such, the transfers are avoidable and recoverable from Defendant pursuant to 11 U.S.C. §§ 544(a)(3) and 550.

WHEREFORE, Plaintiffs demand judgment against Defendant (a) avoiding the transfers of the Petersburg, Henrico and Chesterfield properties under 11 U.S.C. § 548(a)(1)(B); (b) avoiding all of the subject transfers under 11 U.S.C. § 544(b) and Va. Code § 55.1-401; (c) avoiding the transfers of the Chesterfield and Henrico properties under 11 U.S.C. § 544(a)(3); (c) for the recovery from Defendant of the property transferred and avoided, or a money judgment for the value thereof, plus all rents received, under 11 U.S.C. § 550; and (d) for the costs of this action, a reasonable attorney's fee, and such other relief as may be just and proper.

Dated: July 26, 2021.

Respectfully submitted,


   /s/ Daniel M. Press
Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
dpress@chung-press.com
Counsel for Plaintiff